Dear Mr. Burson:
Our office is in receipt of your request for an Attorney General's opinion regarding whether certain bayous in St. Landry Parish are considered navigable and whether they may be used by the Parish to provide more adequate drainage. You are also interested in whether the public has a right to use these bayous and whether the State owns the mineral rights associated therewith.
Under Louisiana law, a body of water is navigable in law when it is navigable in fact. If a water body was navigable in fact in 1812, the year Louisiana entered the Union, then the water body is navigable in law. If a water body is capable in its natural state of being used for purposes of commerce, no matter the mode of commerce, it is navigable in fact and becomes navigable in law. Ramsey River Road Property Owners Association Inc., v.Reeves, 396 So.2d 873 (La. 1981).
Upon receipt of your opinion request, I requested the State Land Office review the historical records to determine whether these bayous were of such size in 1812 to be susceptible of being used, in their ordinary condition, as highways of commerce, and thus, navigable. Upon review, the State Land Office found that Bayou Current and Davis Bayou were of such size as to be navigable in 1812. A copy of the State Land Office memorandum is attached. Based upon the State Land Office review, it the opinion of this Office that Davis Bayou and Bayou Current are navigable.
State Land Office records do not indicate any waterway in the present day location of Squaw Bayou that was of such size as to be considered navigable in 1812. As was stated above, a water body is navigable in law when it is navigable in fact. Water bodies are navigable in fact when they are used, or susceptible to being used, in their ordinary condition as highways for commerce in 1812. Further, navigability is not destroyed because the water course is interrupted by occasional natural obstructions or portages; nor need the navigation be open all year, and at all stages of the water. Ramsey River Road PropertyOwners Association, Inc., supra. While State Land Office records which do not reflect the existence of Squaw Bayou in 1812 is indicative that Squaw Bayou is not navigable, further information is required before a determination regarding navigability can be reached. Information which would assist in determining navigability includes whether Squaw Bayou existed and the extent of its use in 1812, whether it is man-made or natural, whether a navigable waterway moved from another location to the present location of the bayou, and the extent of its historical use by the public. Without such additional factual information our office can not render an opinion regarding the navigability of Squaw Bayou. Copies of the 1839 and 1842 surveys of the areas in which these bayous are located are attached as Attachment A and Attachment B, respectively. Copies of other surveys and maps may be obtained from the State Land Office.
The State owns the water bottoms of navigable waterways of the State in its sovereign capacity, in trust for the people of the State. La. Const. Art. IX, Sec. 1 La. C.C. Art. 450. The public has the right to use navigable waterways, subject to reasonable restrictions by the State. La. C.C. Art. 452. Minerals and mineral rights associated therewith on or beneath water bottoms of navigable waterbodies are owned by the State. La. Const. art. IX, Secs. 1, 2, Gulf Oil Corp. v. State Mineral Board,317 So.2d 576 (La. 1974).
In absence of a properly established drainage district, the police jury has jurisdiction over drainage within the parish. La. R.S. 33:1236 provides:
 The police juries and other parish governing authorities shall have the following powers:
 * * * (3) To regulate the clearing of the banks of rivers and natural drains; for the clearing of the banks of the Mississippi River and all other navigable streams and natural drains for the purpose of securing a free passage for boats and other water crafts, and for logs and timber; . . .
 * * * (13) To construct and maintain drainage, drainage ditches, and drainage canals; to open any and all drains which they may deem necessary and to do and perform all work in connection therewith; to cut and open new drains, ditches and canals, to acquire lands for necessary public purposes, including rights of way, canals and ditches by expropriation, purchase, prescription or by donation; . . .
If these bayous are within the jurisdiction of a properly established drainage district, then the Board of Commissioners of the Drainage District holds similar powers. La. R.S. 38:1614
provides:
 The drainage district may expropriate property for the purpose of acquiring sites for pumping stations or acquiring land for any other purpose that it may find necessary to carry out the purposes for which it was created . . . and shall own the right of way for levees, canals and ditches, and all sites which are acquired either by donation, purchase or expropriation, in full ownership.
 * * * A drainage district may open, deepen and enlarge natural drains within or without the district which may be deemed necessary, and perform all work connected therewith which may be deemed necessary . . .
Police juries and drainage districts have been given broad authority to protect the public from flooding by maintaining proper drainage. They have the authority to ensure proper drainage through maintenance of natural drains, including natural navigable waterways. They also have authority to create and maintain drains on private property, although acquisition of the appropriate land rights from the property owners is necessary.
We trust the foregoing has been helpful. Should you have any further questions, please contact our office.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ FREDERICK C. WHITROCK Assistant Attorney General
RPI/FCW/tp
attachment: